UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

STEPHEN L. SCHULTZ,  Case No: 3:09-bk-07020-PMG
 (Chapter 11)
        Debtor.

_____/

## MOTION TO DISMISS

Pursuant to 11 U.S.C. § 1112(b)(1), Dr. Cynthia Justice ("Justice"), secured creditor of Debtor, Stephen L. Schultz ("Debtor"), hereby moves this Honorable Court for an Order dismissing this Chapter 11 bankruptcy proceeding, and states:

1.    On August 21, 2009, Debtor voluntarily instituted the above-styled Chapter 11 bankruptcy proceeding. See Voluntary Petition, Docket No. 1.

### ASSETS AND LIABILITIES

2.    Debtor claims that his total current assets (personal property only) are valued at $42,936.02 and that his liabilities total $289,281.43. See Dkt. No. 1 at Summary of Schedules.

3.    Debtor's schedules list a total of 13 creditors for liabilities which consist of the following four categories:

| CREDITORS | LIABILITIES | AMOUNT | % OF TOTAL DEBT |
|---|---|---|---|
| Justice | Judgment Lien | $ 250,000 | 86% |
| Landlord | Security Deposit | $ 3,050 | 1% |
| Various (7) | Credit Card Debt | $ 35,259 | 12% |
| Various (4) | Miscellaneous/Unknown | $ 972 | <1% |
| | TOTAL | $ 289,281 | |

**Justice Liability**

4. On February 27, 2009, the District Court of Denver County, Colorado entered Judgment in favor of Justice (former wife of Debtor) and against Debtor in the amount of $250,000 resulting from his failure to pay under a Promissory Note voluntarily executed during his and Justice's divorce proceedings. See Exhibit A, Transcript of September 30, 2009 Section 341 Meeting of Creditors ("341 Transcript"), at 7:14-8:7.

**Credit Card Liability**

5. Debtor has testified that the credit card debt, the Debtor's second largest liability in the aggregate (approximately 12% of his total liabilities), consists of personal charges made on several different credit cards during the 2000-2001 time frame.[1] Debtor has further testified that all of the subject credit cards were closed in the 2001-2002 time frame. See 341 Transcript at 23:9-26:20; 41:19-42:21.

---

[1] Debtor testified that he was "in the real estate business in Austin, Texas at the dotcom crash and was using [his] credit cards to live on at that time." See 341 Transcript at 26:12-14.

**MONTHLY INCOME AND EXPENSES**

6.  Debtor is unemployed and claims that his "sole source of funds consists of distributions from the Frank L. Schultz Irrevocable Trust established February 3, 1993, from which he was receiving $4,500.00 per month.[2]  See Dkt. No. 1 at Schedule I.

7.  Debtor's estimated monthly expenditures are $6,617.00.  See Dkt. No. 1 at Schedule J.

**MEMORANDUM OF LAW**

Section 1112(b)(1) of the Bankruptcy Code provides that, on request from a party of interest, the Court may dismiss a case for cause.  Colonial Daytona Limited Partnership v. American Savings of Florida, 152 B.R. 996, 1000-01 (M.D. Fla. 1993).  Under 11 U.S.C. § 1112(b)(1), "cause" includes:

> (1) continuing loss to or diminution of the estate and the absence of a reasonable likelihood or rehabilitation; or
>
> (2) the inability to effectuate a plan.

Id.

"Several other possible grounds are listed in Section 1112(b), but the list is not exhaustive and 'the court may consider other factors as they arise and use its equitable powers to reach an appropriate result in individual cases.'"  Id. at 1001.  For example, a debtor's bad faith filing constitutes cause for dismissal.  Id.; In re Motel Properties, Inc., 314

---

[2] As revealed during the 341 Meeting of Creditors, Debtor's distribution is now reduced to $4,000 per month "as the [trustee] is withholding 500 a month to repay the loan that they extended [Debtor] for [his] legal counsel."  See 341 Transcript at 28:1-5.

B.R. 889, 895 (Bankr. S.D. Ga. 2004). **"Thus, the court is given judicial discretion to determine what factors shall constitute "cause" under the circumstances of each case."** Colonial Daytona, 152 B.R. at 1001.

### INABILITY TO EFFECTUATE A PLAN AND BAD FAITH FILING

Inability to effectuate a plan and a debtor's lack of good faith are both grounds for dismissal of a Chapter 11 petition. Colonial Daytona, 152 B.R. at 1000-01; Motel, 314 B.R. at 895.

The good faith requirement "prevents abuse of the bankruptcy process by debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes." Colonial Daytona, 152 B.R. at 1005.

There is no particular test for determining whether a bankruptcy petition has been filed in bad faith, although several circumstantial factors occurring together may be indicative of bad faith filing. Id. at 1001.

The Eleventh Circuit recognizes the following as "hallmarks" of bad faith:

> (1) the existence of pre-petition litigation in state court between the parties;
>
> (2) if the dispute is essentially a two party dispute;
>
> (3) the debtor is solvent or has very few unsecured debts which he is unable to meet;
>
> (4) the petition was filed for an improper purpose;
>
> (5) there is no need for reorganization and the filing was for the sole purpose to use the judicial resources of the bankruptcy court, most likely under the assumption that the

> debtor will receive more favorable treatment" there versus in state court; and
>
> (6) there is no ability or sincere desire to reorganize the financial affairs of the debtor.

In re Serfass, 325 B.R. 901, 905-6 (Bankr. M.D. Fla. 2005).

The Court with full discretion may consider any factors evidencing an intent to abuse the judicial process and the purposes of the Bankruptcy Code's reorganization provisions. Colonial Daytona, 152 B.R. at 1003.

In this case, there exists:

> (1) Pre-petition litigation in the Colorado state court with subsequent domestication of the Colorado judgment and execution proceedings in Florida state court;
>
> (2) Nothing more than a two-party dispute between Justice (accounting for 86% of Debtor's total liabilities) and Debtor over collection of a secured debt. See 341 Transcript at 6:3-22; 7:8-9;
>
> (3) Filing for no reason other than to retrieve personal property seized pre-petition by Justice and to shelter from further enforcement of the judgment by the avoidance of the judicial lien;
>
> (4) No income-producing assets;
>
> (5) No ability or sincere desire to reorganize or effectuate a plan in that the Debtor's assets are either exempt or not capable of generating enough revenue to fund either its debt service or reorganization;
>
> (6) Other liabilities, all of which stem from credit cards that were closed in 2000-2001 and appear to have no bearing on Debtor's decision to file for bankruptcy in 2009. See 341 Meeting at 24:17-22; 25:8-14; 25:23-25; 26:1-8;

> (7) Filing only after Justice began pursuit of her judgment evidencing an intent to frustrate Secured Creditor Justice's efforts to enforce her rights against Debtor.

Accordingly, Justice respectfully requests the entry of an Order dismissing these Chapter 11 proceedings as Debtor has shown no ability to effectuate a plan and has filed his Petition in bad faith seeking only to receive more favorable treatment in bankruptcy.

### CONTINUING LOSS AND ABSENCE OF REHABILITATION

Under Section 1112(b)(1), the Court may convert a Chapter 11 to a Chapter 7 case or may dismiss a Chapter 11 case, whichever is in the best interest of creditors and the estate, if there is a continuing loss to or diminution of a bankruptcy estate and absence of a reasonable likelihood of rehabilitation. Motel Props., 314 B.R. at 894.

To determine if there is a continuing loss or diminution of the estate, the Court must look beyond financial statements and fully evaluate the present condition of the Debtor's estate. Id. A post-petition negative cash flow and an inability to satisfy current expenses constitute a loss to or diminution of the estate. Id.

"[R]ehabilitation means that the debtor will be reestablished on a secured financial basis, which implies establishing a cash flow from which its current obligations can be met." Id. at 895. While short term losses may not be sufficient grounds to convert or dismiss, future financial viability must be reasonably likely. Id.

Debtor's monthly expenses significantly exceed his monthly income with no indication of change. See Docket No. 1. Debtor owns no income-producing assets. Debtor is unemployed and is not engaged in any business prospects. Debtor has failed to provide

any viable solution to remedy his negative cash flow and has shown no indication of being able to retain gainful employment or to restart his company, Integrated Global Solutions, Inc. See 341 Transcript at 14:1-10; 21:20-23; 46:3-11; 48:7-16. Instead of seeking less expensive housing when Debtor's lease ends, Debtor has chosen to renew his lease on his current residence for an additional year, and currently supports another person living with him who is also unemployed. See 341 Transcript at 11:8-25; 42:24-44:12.

In sum, the Debtor remains in a post-petition negative cash with no likelihood of future financial viability. Accordingly, Justice respectfully requests the entry of an Order dismissing this matter given the continuing loss to the Estate and absence of any likelihood of rehabilitation.

### DISMISSAL WITH PREJUDICE

"The phrase 'unless the court, for cause, orders otherwise' in 11 U.S.C.S. § 349(a) authorizes a bankruptcy court to dismiss the case with prejudice." In re Fleury, 294 B.R. 1, 9 (Bankr. D. Mass. 2003). When the Court's bad faith analysis uncovers that the "Debtor is not making an honest effort to repay [his] debt to the best of [his] abilities but instead attempting to thwart payment to the Creditor," such will satisfy the cause requirement and prompt the court to dismiss the case with prejudice. Id. at 7-9; In re Mandalay Shores Coop. Hous. Ass,n, Inc., 112 B.R. 440 (Bankr. M.D.Fla. 1990); In re McDermott, 77 B.R. 384 (Bankr. N.D.N.Y 1987).

WHEREFORE, Dr. Cynthia Justice respectfully requests the entry of an Order dismissing Debtor Schultz's Petition for Chapter 11 bankruptcy with prejudice.

Dated: October 29, 2009　　　　　　　　COOPER, RIDGE & SAFI, P.A.
　　　　　Jacksonville, Florida

　　　　　　　　　　　　　　　　　　　　/s/ GEORGE E. RIDGE
　　　　　　　　　　　　　　　　　　　　George E. Ridge, Esquire
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 226701
　　　　　　　　　　　　　　　　　　　　Tiffiny Douglas Safi, Esquire
　　　　　　　　　　　　　　　　　　　　Florida Bar No. 682101
　　　　　　　　　　　　　　　　　　　　Baywater Square Building
　　　　　　　　　　　　　　　　　　　　136 East Bay Street – Suite 301
　　　　　　　　　　　　　　　　　　　　Jacksonville, Florida 32202
　　　　　　　　　　　　　　　　　　　　904-353-6555
　　　　　　　　　　　　　　　　　　　　904-353-7550 (facsimile)
　　　　　　　　　　　　　　　　　　　　gridge@attorneyjax.com
　　　　　　　　　　　　　　　　　　　　tsafi@attorneyjax.com
　　　　　　　　　　　　　　　　　　　　*Attorneys for Dr. Cynthia Justice*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 29, 2009 I served a true and correct copy of the foregoing by first class U.S. mail on:

Stephen L. Shultz, Debtor
830-13 AIA N., #305
Ponte Vedra Beach, FL 32082

Wendell Finner, Esq., Attorney for Debtor
Wendell Finner, P.A.
340 3rd Avenue S., Suite A
Jacksonville Beach, FL 32250

I FURTHER CERTIFY that on October 29, 2009 I electronically filed the foregoing with the Clerk of the Court by the CM/ECF system which will send a notice of filing to the persons listed below who are on the Court's electronic mail notice list:

Elena Escamilla
United States Trustee
135 West Central Boulevard, #620
Orlando, FL 32801
elena.l.escamilla@usdoj.com

Wendell Finner, Esq.
Wendell Finner, P.A.
340 3rd Avenue S., Suite A
Jacksonville Beach, FL 32250
wendell@lccl.com, ecflccl@gmail.com

United States Trustee-JAX
135 West Central Boulevard, #620
Orlando, FL 32801
JAX USTP.Region21.OR.ECF@usdoj.gov

There are no manual mail recipients in this case.

/s/ GEORGE E. RIDGE
Attorney